The judgment of the court was pronounced by
Rost, J.
In April, 1848, A. G. Hall gave to Messrs. Kendall, Carter Sf Co. a mortgage upon a number of slaves, to secure liis note due to them on the 1st of March, 1849. In December, 1848, and before the note became due, Kendall, Carter Sf Co., fearing Hall might remove the mortgaged negroes, attached and sequestered them. Hall bonded them. In April, 1849, the attachment was set aside and the sequestration dissolved, but judgment rendered in favor of Kendall, Carter Sf Co. for their debt, recognizing their special mortgage upon the slaves, and decreeing their sale to satisfy the same. In the meantime, Hall had, on the 2d February, 1849, sold the slaves to Aaron B. Hughes, the plaintiff in this suit. Notwithstanding this sale, the sheriff executed the writ of seizure and sale issued upon the judgment, by selling the slaves. The purchaser left them temporarily with the sheriff, and this suit is brought for their recovery and damages.
"We have no doubt that the sale from Hall to Hughes was simulated. He purports to have given for the slaves $7132 in hand paid, while it is proved that he had neither means nor credit. He purports to have given that sum for thirteen slaves, some old, some women and children, while a suit was notoriously pending to enforce a special mortgage for $1530, against four of them. He lived in Alabama, but left the slaves in Louisiana, without making any arrangement for the special mortgage which was to be immediately enforced. We do not believe there was any real sale of the slaves in controversy, but that the whole was a mere simulation to cover four from the suit of Kendall, Carter Sf Co.
In such a case, it has always been held by this court, that the judgment creditor might disregard the simulated sale, and enforce his judgment by seizing under his execution the property covered by the simulation. 2d Ann. 912. 1st Ann. 132, 262. 2d Ann. 323, 451. The case of Maskell v. Merriman, 9 R.R. 70, so much relied upon by plaintiff’s counsel, so far from impugning, when carefully perused, supports the principle. And we have rarely seen a case in which its application was more palpably just and equitable than the present.
The judgment of the district court is affirmed, with costs.